

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN        AUSTIN 11, TEXAS

ATTORNEY GENERAL

Mrs. Violet S. Greenhill, Chief
Division of Child Welfare
State Department of Public Welfare
Austin, Texas

Dear Madam:             Opinion No. O-3379
                       Re: Does Article 604, Penal Code,
                          authorize the following pro-
                          cedure; filing a complaint in
                          the justice court and immediately
                          thereafter filing an application
                          in the district court for the
                          defendant to appear on a certain
                          date and show cause why he should
                          not be ordered to provide for the
                          support of his wife and children,
                          and hearing the application and
                          the court make this order there-
                          on, this proceeding in the dis-
                          trict court being taken without
                          the issuance of a warrant from the
                          justice court, hearing in that court
                          or action by the grand jury.

      We acknowledge receipt of your request for the opinion
of this department wherein you enclose a letter received by you
from Mr. Fred Ward, Chief Probation Officer, Juvenile Court, Hall
of Records, Dallas, Texas, in which the following question is
raised: Does Article 604, Penal Code of the State of Texas,
authorize the following procedure: filing a complaint in the
justice court, and immediately thereafter filing an application
in the district court for the defendant to appear on a certain
date and show cause why he should not be ordered to provide for
the support of his wife and children, and hearing the applica-
tion and the court making its order thereon, this proceeding in
the district court being taken without the issuance of a warrant
from the justice court, hearing in that court or action by the
grand jury? If such action is authorized by statute, is the
statute constitutional?

      Article 604 of the Penal Code, which is inquired about,
provides as follows:

      "The Court during its term, or Judge thereof in

vacation after the filing of complaint against or after the return of indictment of any person for the crime of wife, or of child, or of wife and child desertion shall upon application of the complainant give notice to the defendant of such application and may upon hearing thereof enter such temporary orders as may seem just, providing for the support of deserted wives and children or both, pendente lite, and may punish for the violation or refusal to obey such order as for contempt."

We have given this matter our careful consideration and you may be advised that it is the opinion of this department that Article 604 of the Penal Code of the State of Texas contemplates that after the filing of the complaint against or after the return of indictment of any person for the crime of wife, or of child, or of wife and child desertion, that thereafter, at any time before the trial, upon application of the complainant, after notice to the defendant, the court may upon hearing thereof enter such temporary orders as may seem just, providing for the support of deserted wives and children or both, pendente lite, and may punish for the violation or refusal to obey such order as for contempt.

It is the further opinion of this department that the actual issuance of a warrant for the arrest of the person against whom the complaint is instituted is not a prerequisite to the validity of the complainant's application for support of deserted wives and children or both. However, we are of the opinion that the Code of Criminal Procedure contemplates that in the due order of proceeding upon the filing of a complaint that a warrant for the arrest of the person against whom the complaint is made shall be issued forthwith.

The order of the court providing for the support of deserted wives and children or both, pendente lite, is not a criminal proceeding, but same is an ancillary action to a criminal prosecution. See Gregory v. State, 41 S. W. (2d) 838, Russell v. State, 37 Tex. Crim. Rep. 503. Such an action is not appealable from the district court to the Court of Criminal Appeals for same is only an interlocutory order from which no appeal will lie.

However, if the person against whom such complaint has been instituted and who is ordered by the court to comply with the order of said court and to contribute to the support of a child or wife or both, refuses to abide and comply with such order and is committed to jail in contempt of the court's order, the courts have held that such person can seek relief by habeas corpus proceedings and in the event that relief is denied that the action of the district court could be reviewed in the Court of Criminal Appeals. See ex parte McWhorter, 45 S. W. (2d) 977.

Mrs. Violet S. Greenhill, page 3, O-3379

        Over a long period of time the courts of this State
have issued orders requiring in cases of child desertion or
wife desertion or both, that the person or party against whom
a complaint has been filed or an indictment returned contribute
to the support of said wife and/or children.  We find no cases
holding this statute unconstitutional, nor do we know of any
provisions of the Constitution which it violates.  We are,
therefore, of the opinion that the statute as above construed
is valid and enforceable.

        Trusting that this satisfactorily answers your
request, we remain

                              Yours very truly

                              ATTORNEY GENERAL OF TEXAS

                              s/ Edgar W. Cale

                              By          Edgar W. Cale
APPROVED MAY 8, 1941                          Assistant
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED opinion committee
By BWB, Chairman


EWC:EP/cg